PHILLIP C. SAMOURIS, ESQ. (Bar No. 163303)
samouris@higgslaw.com
CHARLES F. REIDELBACH, JR., ESQ. (Bar No. 167482)
reidelbach@higgslaw.com
HIGGS FLETCHER & MACK LLP
401 West "A" Street, Suite 2600
San Diego, CA 92101-7913
TEL: 619.236.1551
FAX: 619.696.1410

Attorneys for Plaintiff
AMERICAN FIREGLASS, a California corporation

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN FIREGLASS, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>MODERUSTIC INC., a California corporation,<br><br>Defendant. | CASE NO. **'15CV2866 BTM BGS**<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT INVALIDITY AND NON-INFRINGEMENT [U.S. Patent No. 8,419,505]** |

Plaintiff AMERICAN FIREGLASS™ ("American Fireglass") brings this action for declaratory judgment of patent invalidity and non-infringement against defendant MODERUSTIC INC. ("Moderustic"). Plaintiff alleges as follows:

## NATURE OF THE ACTION

1. American Fireglass manufactures and sells fireplace/fire pit glass and related burner products. A competitor of American Fireglass, Moderustic, claims that it invented fireplace/fire pit glass and has threatened to file suit against American Fireglass and many of its customers and distributors throughout the United States for patent infringement, pursuant to U.S. Patent No. 8,419,505 (the '505 Patent). American Fireglass disputes Moderustic's claim and asserts that the process and product by which such fireplace/fire pit glass is manufactured, namely

the process of tumbling, polishing and vibrating pieces of glass, is a well-known process that has been in the public domain for years, well before Moderustic filed its patent application.

2. Moderustic's claim places a cloud of legal urgency over American Fireglass' business operations. To remove this cloud of uncertainty, American Fireglass seeks a declaration that the '505 patent is invalid and unenforceable or, in the alternative, that its fire glass product does not infringe any claims of the '505 patent. Based on the foregoing, there is a substantial controversy between American Fireglass and Moderustic as to the validity and enforceability of the '505 Patent and whether American Fireglass' products infringe upon that patent.

## PARTIES

3. American Fireglass is a California corporation that conducts business throughout California and regularly markets, distributes, and sells its products in this judicial district.

4. Moderustic is a California corporation that conducts business throughout California and regularly markets, distributes, and sells its products in this judicial district.

## JURISDICTION AND VENUE

5. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and under the patent laws of the United States of America, Title 35 of the United States Code. This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This court has personal jurisdiction over Moderustic because, among other things, Moderustic has continuous and systematic contacts with the state of California, including marketing, distributing, and selling products here.

7. Venue is proper in this court pursuant to 28 U.S.C. §§ 1391(b) and (c) because Moderustic is subject to personal jurisdiction within this judicial district.

# POLISHING GLASS IN A TUMBLER

8.      The process of smoothing and polishing pieces of glass by tumbling or vibrating the pieces has been described in writing and practiced for many, many years – well before Moderustic's founder, Mr. Ed Jaunzemis, filed a patent application related to the process.  In as early as 1967, the United States Patent and Trademark Office (the PTO) issued a patent related to tumbling and polishing ordinary broken glass.  Likewise, numerous publications have described the process, including, without limitation, *How to Tumble Polish Gemstones and Make Tumbled Gem Jewelry*" which was issued in 1977.  Moreover, a patent issued by the World Intellectual Property Organization in 2002 discloses using a tumbler to polish recycled broken glass before incorporating the glass into concrete for decorative purposes.

9.      In 2005, American Fireglass started to sell pieces of broken tempered glass for use in fireplaces and fire pits which it sold to the public.  Over the past 10 years, American Fireglass has spent considerable time, effort and resources developing and building its business and now sells to dealers and resellers throughout the United States.

# MODERUSTIC ATTEMPTS TO PATENT THE PROCESS

10.     In 2005, Moderustic's founder, Mr. Jaunzemis, filed a patent application seeking to patent a process related to tumbled, polished, vibrated broken tempered glass pieces, which resulted in a patent issued in 2011, U.S. Patent No. 7,976,360 (the '360 Patent).  Shortly after the '360 Patent issued, American Fireglass filed an *inter partes* reexamination petition with the PTO, which was granted.  In 2011, the PTO rejected all of the claims of the '360 Patent as obvious in light of prior art.  Moderustic has appealed that ruling to the Federal Circuit, which has taken the matter under submission after full briefing by American Fireglass and Moderustic.  American Fireglass is confident that the Federal Circuit will affirm the PTO's rejection of all of the patent claims of the '360 Patent and is

*not* seeking any adjudication in this case related to the '360 Patent. (Rather, this information is included solely for background information.) Moderustic has also filed other, related patent applications which have been rejected.

11.     While the '360 Patent was pending, Moderustic filed another patent application with the PTO which the PTO incorrectly granted, resulting in the '505 Patent – the patent in suit in this case. In 2014, the PTO issued an *ex parte* reexamination certificate of the '505 Patent, narrowing the claims to include a method for creating smooth, tempered glass pieces by placing the pieces into a tumbling apparatus and tumbling the fragments for a pre-determined period of time such that the surfaces of the glass fragments are smoother than prior to tumbling "*and have a substantially rounded, bead-like shape….*"

12.     The PTO incorrectly issued the '505 Patent. The process of tumbling broken pieces of glass to smooth the fragments into rounded, bead-likes shapes has been described in previous patents and publications and practiced for many years, well before Mr. Jaunzemis filed the patent application resulting in the '505 Patent.

**MODERUSTIC INCORRECTLY CLAIMS THAT AMERICAN FIREGLASS' PRODUCTS INFRINGE THE '505 PATENT AND THREATENS LAWSUITS AGAINST AMERICAN FIREGLASS' DEALERS**

13.     Despite the fact that the PTO rejected all of the claims of the parent, '360 Patent (upon which the '505 Patent is based) in 2011 as obvious in light of prior art, Moderustic filed a complaint for infringement of the '505 Patent against various sellers of fireplace glass in July of 2015 and has repeatedly threatened to sue American Fireglass and its dealers for infringement of the '505 Patent by engaging in the following conduct:

(a) In February of 2015, Mr. Jaunzemis on behalf of Moderustic sent a series of emails to American Fireglass' dealers, attaching a copy of the '505 Patent, stating that it holds a patent on the method of creating tumbled tempered

glass for use in fireplaces, and stating that it will enforce its intellectual property rights and demanding to personally meet with the dealers to evaluate whether their products infringe the '505 Patent and threatening to file a complaint for patent infringement against those dealers.

(b) In October of 2015, Mr. Jaunzemis on behalf of Moderustic publically proclaimed in a newspaper article that it intended to hire dozens of attorneys nationwide to sue a multitude of companies for patent infringement throughout the United States under the '505 Patent.

(c) In October of 2015, Mr. Jaunzemis on behalf of Moderustic sent a letter to American Fireglass, stating that Moderustic intended to "divide and conquer" its enemies, threatening to sue 10 of American Fireglass' dealers in 10 different states, and after the "first ten get wiped out", Moderustic would file another 20, 30 or 40 lawsuits against American Fireglass' dealers throughout the United States. Moderustic further claimed that these dealers would seek indemnification from American Fireglass and asked American Fireglass: "How many suits can you afford? … If you have a few thousand dealers, can you with stand [sic] defending them from hundreds of cases? At what cost will you concede? When you have won and have nothing left, what then? When all is lost, ALL IS LOST! You really don't get it, do you?"

(d) In December 2015, Mr. Jaunzemis on behalf of Moderustic sent a letter to American Fireglass with a copy of the '505 Patent, stating that American Fireglass should consider the letter as "notice" of Moderustic's patent rights under the '505 Patent.

14.    Based on the foregoing, there is a real, immediate, and substantial controversy between American Fireglass and Moderustic regarding the validity and infringement of the '505 Patent.

## FIRST CLAIM
### (Declaratory Judgment of Invalidity of the '505 Patent)

15.   American Fireglass realleges and incorporates herein by reference the allegations of paragraphs 1 through 14, above.

16.   There is a real, immediate, substantial, and justiciable controversy between American Fireglass and Moderustic concerning whether the claims of the '505 Patent are invalid for failure to comply with the pre-requisites of Title 35 of the United States Code, including without limitation, §§ 101-103, and/or 112.

17.   This controversy is amendable to specific relief through a decree of a conclusive character.

18.   The claims of the '505 Patent are invalid for failure to comply with the statutory pre-requisites of Title 35 of the United States Code, including without limitation, one or more of §§ 101, 102, 103, and/or 112.

19.   American Fireglass is entitled to a judicial declaration that the claims of the '505 Patent are invalid.

## SECOND CLAIM
### (Declaratory Judgment of Non-Infringement of the '505 Patent)

20.   American Fireglass realleges and incorporates the allegations in paragraphs 1 to 14 above.

21.   There is a real, immediate, substantial, and justiciable controversy between American Fireglass and Moderustic concerning whether the use, sale, offer for sale, or importation into United States of American Fireglass' fire glass products infringe any valid and enforceable claim of the '505 Patent.

22.   This controversy is amendable to specific relief through a decree of a conclusive character.

23.   The use, sale, offer for sale, or importation into the United States of American Fireglass' fire glass product will not infringe any valid and enforceable claim of the '505 Patent.

1     24.    American Fireglass is entitled to a judicial declaration that the

2 manufacture, use, sale, offering for sale, or importation of its fire glass product will

3 not infringe, directly or indirectly, any valid claim of the '505 Patent.

4 **PRAYER FOR RELIEF**

5     Wherefore, American Fireglass prays that the Court enter judgment in its

6 favor and against Moderustic as follows:

7     A.    Declaring that all claims of the '505 Patent are invalid.

8     B.    Declaring that American Fireglass' fire glass products have not, do

9 not, and will not infringe any valid enforceable claim of the '505 Patent, if any.

10     C.    Declaring that the use, offer to sell, sale, and/or importation into the

11 United States of American Fireglass' fire glass products do not and will not infringe

12 any valid and enforceable claim of the '505 Patent.

13     D.    Enjoining Moderustic from filing suit against American Fireglass'

14 dealers and customers for allegedly infringing the '505 Patent;

15     E.    Declaring this an exceptional case in favor of American Fireglass and

16 awarding attorneys' fees pursuant to 35 U.S.C. § 285.

17     F.    Awarding costs and expenses.

18     G.    Awarding any and all such other relief as the Court determines to be

19 just and proper.

20

21 DATED:  December 18, 2015        HIGGS FLETCHER & MACK LLP

22

23         By:*/s/Phillip C. Samouris*

24         PHILLIP C. SAMOURIS, ESQ.
        CHARLES F. REIDELBACH, JR., ESQ.

25         Attorneys for Plaintiff
        AMERICAN FIREGLASS, a California

26         corporation

27

28