1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11   AMERICAN FIREGLASS,                      Case No.: 15-CV-2866 JLS (BGS)

12                              Plaintiff,
                                             **ORDER DENYING DEFENDANT'S**
13   v.                                      **MOTION FOR**
                                             **RECONSIDERATION**
14   MODERUSTIC INC.,

15                              Defendant.    (ECF No. 148)

16

17        Presently before the Court is Defendant Moderustic Inc.'s Motion for

18   Reconsideration ("Mot.," ECF No. 148), asking the Court to reconsider its Order (ECF No.

19   145) granting Summary Judgment in favor of Plaintiff American Fireglass.  Also before

20   the Court is Plaintiff's Response in Opposition to ("Opp'n," ECF No. 160) the Motion.

21        Federal Rule of Civil Procedure 59(e) permits a party to request a court to alter or

22   amend its judgment.  "A district court may grant a Rule 59(e) motion if it 'is presented

23   with newly discovered evidence, committed clear error, or if there is an intervening change

24   in the controlling law.'"  *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (internal

25   quotation marks omitted) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir.

26   1999) (en banc)) (emphasis in original).  Reconsideration is an "extraordinary remedy, to

27   be used sparingly in the interests of finality and conservation of judicial resources." *Kona*

28   *Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  Ultimately, whether

1

to grant or deny a motion for reconsideration is in the "sound discretion" of the district court. *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters.*, 229 F.3d at 883).

Here, Defendant has not presented any newly discovered facts or intervening changes in the controlling law. *See generally* Mot. Instead, Defendant argues that the Court committed clear error in granting Plaintiff's Motion for Summary Judgment. *Id.* Defendant contends that "[t]he Court erred as a matter of law by misapplying summary judgment standards, prior art analysis and failing to consider key evidence showing material facts in dispute as to obviousness and commercial success." Mot. at 2. In making its arguments, however, Defendant raises the "same arguments, facts and case law" that this Court already considered, which is insufficient grounds to grant reconsideration. *See Wargnier v. National City Mortg. Inc.*, No. 09cv2721–GPC–BGS, 2013 WL 3810592, at *2 (S.D. Cal. July 22, 2013) (denying motion for reconsideration where the motion reflected the same arguments, facts, and case law that were previously considered and ruled upon by the court). After considering Defendant's Motion, the Court finds no clear error in the initial decision and therefore **DENIES** the Motion for Reconsideration. *See ArchitectureArt LLC v. City of San Diego*, No. 15-CV-01592-BAS-NLS, 2017 WL 1346899, at *1 (S.D. Cal. Apr. 4, 2017) (denying motion for reconsideration where movant rehashed the same arguments made in its motion for summary judgment).

In its Opposition, Plaintiff requests the Court impose sanctions under Federal Rule of Civil Procedure 11(b) because, among other things, Defendant allegedly makes false statements of fact. Opp'n at 5–6. Plaintiff did not make this request in accordance with Rule 11(c)(2) and, in any event, the Court does not find sanctions warranted in this case. Plaintiff's request for sanctions is therefore **DENIED**.

**IT IS SO ORDERED.**

Dated: October 4, 2019

Hon. Janis L. Sammartino
United States District Judge